Milton W. Hathaway, Jr., Esq.
AZ State Bar No. 005442
**MURPHY SCHMITT HATHAWAY**
Attorneys at Law
121 East Goodwin Street
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860
info@mshwlaw.com
Co-Attorneys for Plaintiff

Andrew J. Becke, Esq.
AZ State Bar No. 025362
**BECKE & OLSON, PLLC**
Attorneys at Law
100 Union Street, Suite 200
Prescott, AZ  86303
(928) 460-5353
admin@beckeolsonlaw.com
Co-Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Heather Bowman, a single woman, | )<br>) Case No.<br>) |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT AND JURY TRIAL** |
| | ) **DEMAND** |
| Holdfast Recovery, L.L.C., an Arizona limited liability corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff, Heather Bowman ("Plaintiff"), as and for her Complaint, alleges as follows:

**I.     NATURE OF THE CLAIMS**

1.     This is an action for relief from employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Arizona

Employment Discrimination Act ("A.E.D.A."), A.R.S. §41-1461, et seq.

2. Plaintiff alleges that Defendant Holdfast Recovery, L.L.C. ("Defendant" or "Holdfast") unlawfully discriminated against her and retaliated against her based upon her sex.

3. Plaintiff seeks compensatory damages, punitive damages, and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because all of the events and omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this District.

## III. THE PARTIES

7. Plaintiff is a resident of Yavapai County, Arizona.

8. Defendant is an Arizona limited liability company with its principal place of business in Yavapai County, Arizona, where it operates an addiction treatment center.

9. At all relevant times herein, Defendant had at least fifteen (15) employees and, therefore, was "an employer" within the meaning of Title VII.

10. At all relevant times herein, Defendant had at least one employee and was, therefore, "an employer" within the meaning of A.R.S. §41-1461, et seq.

**IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11.     Plaintiff timely filed a Charge of Discrimination with the EEOC on or around April 16, 2021 and the EEOC issued Plaintiff a Notice of Suit Rights dated April 16, 2021.

12.     Plaintiff's Charge of Discrimination filed with the EEOC was considered a charge filed pursuant to A.R.S. §41-1481, and Plaintiff has received a Notice of Right to Sue from the Office of the Arizona Attorney General, dated June 11, 2021.

13.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

**V.     FACTUAL ALLEGATIONS**

14.     Plaintiff is a female and at all times material to this action was employed by Defendant as a therapist.

15.     At all times material to this action, Plaintiff's direct supervisor was Richard Jewell.

16.     Plaintiff began working for Defendant in September of 2020.

17.     Shortly after Plaintiff's employment with Defendant began, Richard Jewell began to ask personal questions of Plaintiff, including questions about her history of trauma and her history of relationships.

18.     Several weeks after Plaintiff's employment with Defendant began, Richard Jewell began using inappropriate sexual innuendos while speaking with Plaintiff.

19.     Mr. Jewell's inappropriate comments intensified and included, for example:

(a)     Referring to a large closet adjoining his new office as a "sex dungeon;"

(b)     Asking Plaintiff if her doctor "needed to clear away the cob webs" when she was on her way to a gynecological appointment;

  (c)  Asking Plaintiff about her favorite sex positions and telling Plaintiff of sex acts he wanted to perform on her;

  (d)  Asking Plaintiff to request that Mr. Jewell's supervisor "build a padded sex dungeon" at their new office; and

  (e)  Propositioning Plaintiff for sexual acts.

20. In late October or early November of 2020, Plaintiff and Mr. Jewell visited their new office under construction and Mr. Jewell pushed Plaintiff against a wall and began aggresively kissing and fondling her. Mr. Jewell then removed Plaintiff's pants, pushed her against a desk and had sexual intercourse with her.

21. In the following weeks, Mr. Jewell continued to come into Plaintiff's office and rubbed her neck, kissed her, and fondled her.

22. Mr. Jewell's sexually inappropriate behavior continued to accelerate. He pressured Plaintiff into meeting him in parking lots and garages to engage in sex acts in their cars.

23. In one of the encounters, Mr. Jewell brought along his vibrating EMDR ("Eye Movement Desensitization and Reprocessing") paddles and placed them down Plaintiff's pants to use as a sex toy.

24. After meeting Mr. Jewell's wife at a Christmas party, Plaintiff informed Mr. Jewell that she could no longer submit to Mr. Jewell's sexual demands.

25. Mr. Jewell began to retaliate against Plaintiff for refusing to engage in further sex acts and gave Plaintiff the "silent treatment" for the following day or two.

///

///

26. On December 17, 2020, Plaintiff responded to a text message from a male client, a common and accepted practice for Holdfast therapists to stay in touch with their quarantined clients.

27. On December 18, 2020, two days after Plaintiff advised Mr. Jewell that she would no longer acquiesce to his sexual advances, Mr. Jewell summoned Plaintiff to his office and suspended her employment.

28. The pretextual basis for Plaintiff's suspension was her text communication with her client.

29. Plaintiff attempted to communicate with Mr. Jewell's supervisors about the situation, but was unsuccessful.

30. Mr. Jewell communicated with Plaintiff, after suspending her, and informed her that he wanted their sexual activities to continue, and if they did, he suggested that Plaintiff's employment could continue.

31. On December 21, 2020, Plaintiff was asked to come into the office to meet with Mr. Jewell and one of his supervisors. She was lectured about ethics and confidentiality.

32. On December 22, 2020, Plaintiff was advised by Mr. Jewell, that her employment was terminated.

33. After Plaintiff's termination of employment, Mr. Jewell continued to send Plaintiff numerous text messages, asking that their sexual activities continue and suggesting that her employment would be reinstated if it did.

**VI.    COUNT ONE**
(*QUID PRO QUO* - SEXUAL HARASSMENT/RETALIATION IN VIOLATION OF TITLE VII)

34. Plaintiff hereby incorporates Paragraph 1 through 33 as though fully set forth herein.

35. Title VII prohibits employment practices that involve *quid pro quo* sexual harassment and/or retaliation related to same.

36. Defendant, by and through its employee, Mr. Jewell, Plaintiff's direct supervisor, subjected Plaintiff to demands for sexual conduct after she clearly indicated that such conduct was not appropriate, welcome, or desired.

37. As a result of Plaintiff's refusal to engage in sexual conduct with Mr. Jewell, Defendant, through Mr. Jewell, retaliated against Plaintiff by terminating her employment.

38. Defendant's unlawful actions were intentional, willful, malicious, and done with reckless disregard of Plaintiff's right to be free from discrimination based upon her sex.

**VII. COUNT TWO**
(*QUID PRO QUO* - SEXUAL HARASSMENT/RETALIATION IN VIOLATION OF A.E.D.A.)

39. Plaintiff hereby incorporates Paragraph 1 through 38 as though fully set forth therein.

40. A.E.D.A. prohibits employment practices that involve *quid pro quo* sexual harassment and/or retaliation related to same.

41. Defendant, by and through its employee, Mr. Jewell, Plaintiff's direct supervisor, subjected Plaintiff to demands for sexual conduct after she clearly indicated that such conduct was not appropriate, welcome, or desired.

42. As a result of Plaintiff's refusal to engage in sexual conduct with Mr. Jewell, Defendant, through Mr. Jewell, retaliated against Plaintiff by terminating her employment.

43. Defendant's unlawful actions were intentional, willful, malicious, and done with reckless disregard of Plaintiff's right to be free from discrimination based upon her sex.

**VIII.   COUNT THREE**
(Sexual Discrimination - Disparate Treatment in Violation of Title VII)

44. Plaintiff hereby incorporates Paragraph 1 through 43 as though fully set forth herein.

45. Title VII prohibits the disparate treatment of individuals based upon their sex.

46. Defendant allowed its male employees to routinely have communications and meetings with their clients.

47. Defendant treated Plaintiff differently, based upon her sex, by claiming as a basis for her termination of employment, that she had texted one of her clients, while male therapists were allowed to do so.

48. Although Defendants stated reason for terminating Plaintiff's employment is pretextual, that stated reason clearly violates Title VII.

49. Defendant's unlawful actions were intentional, willful, malicious, and done with reckless disregard of Plaintiff's right to be free from discrimination based upon her sex.

**IX.   COUNT FOUR**
(Sexual Discrimination - Disparate Treatment in Violation of A.E.D.A.)

50. Plaintiff hereby incorporates Paragraph 1 through 49 as though fully set forth herein.

51. A.E.D.A. prohibits the disparate treatment of individuals based upon their sex.

52. Defendant allowed its male employees to routinely have communications and meeting with their clients.

53. Defendant treated Plaintiff differently, based upon her sex, by claiming as a basis for her termination of employment, that she had texted one of her clients, while male therapists were allowed to do so.

54. Although Defendants stated reason for terminating Plaintiff's employment is pretextual, that stated reason clearly violates A.E.D.A.

55. Defendant's unlawful actions were intentional, willful, malicious, and done with reckless disregard of Plaintiff's right to be free from discrimination based upon her sex.

WHEREFORE, Plaintiff requests:

a. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary/economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

b. An award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self esteem, self confidence and personal dignity, emotional pain and suffering, and any other physical or mental injury;

c. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

///

1   d.   An award of damages in an amount to be determined at trial, plus prejudgment interest, for any and all other monetary and/or non-monetary losses suffered by Plaintiff;

2   e.   An award of punitive damages;

3   f.   An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

4   g.   Such other and further relief as the Court may deem just and proper.

DATED this ___12TH___ day of July, 2021.

MURPHY SCHMITT HATHAWAY

By: _/s/Milton W. Hathaway , Jr._____
    Milton W. Hathaway, Jr., Esq.
    Co-Attorneys for Plaintiff

BECKE & OLSON, P.L.L.C.

By: _/s/Andrew J. Becke_____
    Andrew J. Becke, Esq.
    Co-Attorneys for Plaintiff